Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. CR12-5001BHS |
| v. ) | |
| ) | MOTION TO RECONSIDER ORDER DENYING |
| MICHAEL LY, et al. ) | MOTIONS TO SUPPRESS |
| ) | |
| ) | Oral Argument Requested |
| Defendants. ) | Noted: April 19, 2013 |
| _____ ) | |

The Court should reconsider its Order denying defendants' motions to suppress because intervening United States Supreme Court authority makes the Order's curtilage rulings untenable. *Florida v. Jardines*, 509 U.S. ___ (3/26/2013) finds that the Fourth Amendment does not allow the police to approach homes in the middle of the night to search for evidence without a warrant, even if the police walk up a sidewalk or driveway. *Jardines* is binding precedent that condemns the kind of police intrusion that the Order approves and vitiates the analysis on which the Order depends. Reconsideration is therefore necessary.

I. **The Illegal Searches**

The police repeatedly made warrantless entries onto private property in the middle of the night for the purpose of obtaining evidence. The officers surreptitiously approached as close as possible to the homes they were investigating without making any effort to contact the occupants.

Motion to Reconsider

1

Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
(206) 621-8777

Hearing Transcript at 268-270.  The search warrant affidavit itself and the testimony from the police at the evidentiary hearing reveal that the police engaged in such conduct on dozens of occasions. Exhibit 1 lists 66 places in the affidavit describing instances where the police went onto private property and obtained evidence.  This evidence, which includes many instances of smelling marijuana and/or hearing fans, is central to the affidavit's showing of probable cause.

II. **The Government's Defense of the Police Conduct and the Court's Order**

In response to defendants' assertions in the motions to suppress that the police intrusions violated the Fourth Amendment, the government claimed that the police could engage in late night surreptitious intrusions so long as they stayed on driveways and walkways.  See, e.g. Response to Post Evidentiary Motions at 9-10 and cases cited therein, docket #172.  This Court's Order denying the motions to suppress impliedly accepts the government's position and finds only two curtilage violations.  As to the two violations (both of which involve the police venturing off the driveway or walkway) that the Court found, it ruled that exclusion of evidence was not the "proper remedy". Order at 6.

III. *Florida v. Jardines*

*Florida v. Jardines*, 509 U.S.__ (3/26/2013) rejects the government's arguments and the Court's conclusions.  The decision explicitly addresses and condemns police approaching homes at night and it affirms that the appropriate remedy for police intrusions onto private property is suppression of the evidence.

In *Jardines*, a police officer accompanied by a "drug dog" went to a home to investigate a tip that the owners were growing marijuana.  After observing the home from the street, the officer went onto the home's property and approached the home by the front path.  When the dog got near the

front porch it alerted and then, after sniffing at the base of the front door, it sat down, indicating that it sensed drugs within the home.

*Jardines* upholds the Florida Supreme Court's ruling that this police activity violated the Fourth Amendment and affirms the remedy of suppression. The *Jardines* Court does not accept the argument that, because a driveway or a walkway is open to the public for the purpose of going to the home and contacting the occupants, that this means the police can intrude on private property and approach a home to investigate and obtain evidence.  In other words, and crucial to the case here, it is not just where the police are when they conduct the search but why they are there.  "The scope of a license, express or implied—is limited not only to a particular area but to a specific purpose." *Jardines* at 7.

Even more critical to the outcome here, *Jardines* finds nighttime intrusions to be impermissible.  Indeed, every member of the Court, both those in the majority and those in the dissent, agrees that the police violate the Fourth Amendment when they go onto private property in the middle of the night to search for evidence.   The majority opinion states that "We think a typical person would find it a cause for "great alarm" (the kind of reaction the dissent **quite rightly relies upon to justify its no-night-visits rule),** *post* at 5 to find a stranger snooping about his front porch…". *Jardines* at 7, ftn 3 (emphasis added). The dissent, for its part, says that "**Nor, as a general matter, may a visitor come to the front door in the middle of the night without an express invitation**. See *State v. Cada* [citation omitted], 'Furtive intrusion late at night or in the predawn hours is not conduct that is expected from ordinary visitors.  Indeed, if observed by a resident of the premises, it could be a cause for great alarm." Dissent at 5 (emphasis added).  Here, no question exists that the vast majority of the police trespasses occurred late at night.  Hearing Transcript at 272.

Motion to Reconsider                                                    Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
3            (206) 621-8777

The intrusions onto private property and the fourth amendment violations are forbidden whether or not a dog accompanies the police officer. "We think a typical person would find it a cause "for great alarm" … to find a stranger snooping about his front porch *with or without a dog*." *Jardines* at 7, ftn. 3, italics in original.

*Jardines* also makes clear that the exclusionary rule applies when the police obtain evidence in violation of the fourth amendment by going onto private property, even if the intrusion is relatively brief or minor. The *Jardines* court, although considering an intrusion for only a few minutes in the middle of the day, does not engage in any balancing test about whether the costs of suppression outweigh the benefits of applying the exclusionary rule. Instead, it affirms the order of the Florida courts that the evidence be suppressed.

### IV. The Affidavit at Issue Here Involves Exactly the Conduct That *Jardines* Condemns

This case involves dozens of curtilage violations of exactly the type unanimously condemned by *Jardines*. Detective Brockus admitted at the suppression hearing that he and his fellow officers repeatedly went on to private property and approached homes in the middle of the night, getting as close as possible to the homes, in order to obtain evidence and without making any effort to contact the occupants. See Hearing Transcript 268-272. The affidavit itself explicitly admits to this conduct. See Exhibit 1, noting where such admissions occur.

### V. All of the Illegally Obtained Evidence Must Be Excised from the Affidavit

*United States v. Vasey*, 834 F.2d 782 (9th Cir. 1987), and its progeny hold that when a search warrant affidavit includes evidence gathered in violation of the Fourth Amendment, the reviewing court must excise all of the evidence so obtained and only then decide whether the remaining untainted evidence suffices for probable cause.

### VI. The Affidavit is Based on Illegally Obtained Evidence

The redactions *Vasey* requires are fatal to the affidavit's showing of probable cause. The search affidavit includes at least 66 instances describing the police obtaining evidence while on private property in the middle of the night without a warrant. Exhibit 1, attached. In at least 43 instances, the affidavit discusses the detection of the odor of marijuana while the police were committing a Fourth Amendment violation. Exhibit 1.

The illegally obtained evidence forms the core of the affidavit. The affidavit depends on the odors of marijuana detected during the illegal searches and the sounds of fans heard and other observations during the illegal searches to establish probable cause. Once the evidence illegally obtained is removed from the affidavit, little remains. The affidavit does not include any evidence of any marijuana actually seen in any of the homes to be searched or even any statements from any person that the homes contain marijuana. The affidavit's efforts to paint a vast conspiracy to grow marijuana based on such matters as changes in utility subscriptions or observations of parked cars come to naught once the illegally obtained evidence that marijuana is being grown at the houses to be searched is excised.

**VII.  The Motion to Suppress Evidence Regarding 2402 NE 91st Must Be Reconsidered**

The Court should reconsider its ruling for 2402 NE 91st St. [the home of Ngheim Nguyen] for two reasons.

The Court's Order does not address any of Ms. Ngheim's individual claims. However, the government concedes that the observations Detective Brockus included in the affidavit about his visit to Ms. Ngheim's home on August 26, 2010 never occurred and should not be included in any probable cause determination. (See Govt's post-evidentiary brief at 10, docket #172.)  In its Order the Court found "no factual support" for the argument that the affidavit contains false information

Motion to Reconsider                                                            Law Office of Robert Gombiner
                                                                                119 First Avenue South, Suite 500
                                                                                Seattle WA 98104
                                             5                                  (206) 621-8777

(Order at 5) without acknowledging the undisputed fact that the affidavit contains false information about Ms. Nguyen's home and without considering the impact of the false information.

Absent the false information about the August 26, 2010 visit, the only incriminating observation about 2402 NE 91st found in the affidavit is that on October 5, 2010, the police heard the sound of fans coming from the home while standing in the driveway. Aff. at 191. At the hearing, Detective Brockus admitted standing as close as possible to the garage (which is attached to the home), to not making any effort to contact the occupants, and to being there only for the purpose of gathering evidence. Hearing Transcript at 269-274. *Jardines* compels the conclusion that the police activity on October 5, 2010 violated the Fourth Amendment and that the evidence obtained must be removed from the affidavit.

At no time during any of their many visits to 2402 NE 91st did the police ever detect the odor of marijuana and at no time did they ever observe any suspicious activity at the home.

Without any incriminating observations of the home, the "probable cause" that the home was being used to grow marijuana boils down to conclusory statements about one month of power records from July of 2011, 15 months before the search and observations of some cars allegedly belonging to other people who might be growing marijuana parked near the house. (At no time did the police ever observe any person doing anything at the home that would in any way indicate the growing of marijuana. Cf.*United States v. Huguez-Ibarra*, 954 F.2d 546 (9th Cir. 1992) finding no probable cause even when the police saw cars associated with drug dealers at a house and witnessed suspicious actions by such persons.)   Good faith cannot rescue the search of Ms. Nguyen's home in the face of such meager evidence.

**CONCLUSION**

Motion to Reconsider                                                                 Law Office of Robert Gombiner
                                                                                                        119 First Avenue South, Suite 500
                                                                                                        Seattle WA 98104
                                                     6                                              (206) 621-8777

The Court should grant the motion to reconsider, follow the precedent of *Florida v. Jardines*, and grant the motions to suppress evidence because of the undisputed and pervasive Fourth Amendment violations used in the affidavit to establish probable cause.

Dated this 2nd day of April, 2013

Respectfully submitted,

Robert Gombiner
Attorney for Ngheim Nguyen

CERTIFICATE OF SERVICE

I certify that on April 2nd, 2013 I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to counsel for the Government.

/s/ Robert Gombiner