Hon. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. CR12-5001BHS |
| v. | ) | |
| | ) | DEFENDANT'S REPLY ON RECONSIDERATION |
| NGHEIM NGUYEN, | ) | MOTION |
| Defendant. | ) | |
| _____ | ) | |

**I.   *Florida v. Jardines* Describes and Condemns the Police Conduct at Issue Here**

The evidence is not in dispute.  The garage at 2402 NE 91st St. is attached to the house and the garage has a living area above it.  When Officer Brockus made the only observation of 2402 NE 91st that provides evidence of a marijuana grow, he was standing immediately next to the attached garage in the middle of the night.  Hearing Transcript 274; 279.   Detective Brockus was standing immediately next to an attached garage with living quarters above it in the middle of the night because he was seeking to obtain evidence about what was inside the home and attached garage. When he went on Ms. Nghiem's property and walked up to just in front of the attached garage, he made no effort to contact the occupants.  Hearing Transcript 269-270.

The Fourth Amendment protects against exactly the activity engaged in by the police here. The Government's Response refuses to acknowledge that this is the clear message delivered by *Florida v. Jardines*, 569 U.S. _ (2013).  Just as in *Jardines*, the police were "gathering information in an area belonging to [the home owner or occupant] and *immediately surrounding his house*—in the curtilage of the house, which we have held enjoys protection as part of the home itself."  *Jardines* at 3, emphasis supplied.  Just as in *Jardines*, the police were not on the property for the purpose of contacting the occupants.  Further, the intrusion here was in the middle of the night.  As defendant has already noted, every single member of the *Jardines* Court, both in the majority and the dissent, agrees that the Fourth Amendment prohibits warrantless intrusions onto private property by the police in the middle of the night.  *Jardines* at 7, ftn. 3 and Dissent at 5.

Confronted with overwhelming evidence that the police in this case violated the Fourth Amendment, the government takes the tack of ignoring the Supreme Court.  "*Florida v. Jardines* has no bearing on the case" the government assures this Court.  Response at 1.  According to the government, no constitutional impediment prevents the police from sneaking up to a house in the middle of the night without a warrant for the purpose of gathering evidence.  To support this remarkable proposition, the government alludes to the curtilage factors set forth in *United States v. Dunn,* 480 U.S. 294 (1987).  Response at 3-4.  The government misreads and misapplies *Dunn*.

*Jardines* itself shows the error of the government's approach.  The *Jardines* court observes that the "very core" of the Fourth Amendment is protection of the home and that "This right would be of little practical value if the State's agents could stand in a home's porch or side garden and trawl for evidence with impunity; the right to retreat would be significantly diminished if the police could enter a man's property to observe his repose from just outside the front window."  *Jardines* at 4.  Nowhere does *Jardines* or, for that matter, *Dunn* suggest that a homeowner must erect barricades or no-

Reply on Motion to Reconsider

Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
 (206) 621-8777

trespassing signs or else consent to the police  venturing onto his property without a warrant and peering into his home or listening at his door in the middle of the night.  Instead, *Jardines* emphasizes that the area right next to one's home is part of the curtilage and that this is "easily understood from our everyday experience."  *Jardines at 5,* quoting *Oliver v. United States*, 466 U.S. 170, 182, n. 12 (1984).

Curtilage issues can sometimes be difficult to decide.  For example, if Ms. Nguyen had had a 300 foot long driveway and the police trespassed one foot onto in the middle of the day, there might be some question as to whether the Fourth Amendment had been violated and the *Dunn* factors might be of some assistance.  Here, however, because the police made the observation in question from a vantage point immediately adjacent to the home when their only purpose was to gather evidence, the Fourth Amendment violation is plain.

## II. *Davis v. United States* Does Not Apply to this Case

The government's second line of defense is that, even if the police did violate the Fourth Amendment, *Davis v. United States*, 131 S.Ct. 2419 (2011) precludes application of the exclusionary rule.  Response at 8.  Again, the government misreads the case it cites.  *Davis* holds that the exclusionary rule does not apply when (1) the Supreme Court issues a new Fourth Amendment rule that overturns "binding precedent" and (2) the police activity complained of occurred prior to the announcement of the new rule and was in accordance with the "binding precedent" then in effect.  Neither of these circumstances is present here.

*Jardines* is not like *Arizona v. Gant*, 556 U.S. 332 (2009), the decision whose impact *Davis* addresses.  *Gant* overruled the long-established rule set forth in *Belton v. New York*, 453 U.S. 454 (1981).  *Jardines*, in contrast, does not in any way overturn any Fourth Amendment rule, but simply applies well-established law to a particular set of circumstances.

Reply on Motion to Reconsider

Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
 (206) 621-8777

3

Also unlike the situation in *Davis*, the police here did not act pursuant to any Ninth Circuit "binding precedent" approving the conduct at issue.  The only cases to which the government can cite as supposed "binding precedent" involve the police venturing onto a driveway to affix a tracking device to a car.  See Response at 9, citing *United States v. Pineda Moreno*, 591 F.3d 1212 (9th Cir. 2010) and *United States v. McIver*, 186 F.3d 1119 (9th Cir. 1999).  The government does not mention that in *Pineda Moreno* the government conceded that the police *had violated the curtilage* when affixing the tracking devices in the driveway or that in *McIver* the defendant did not contest that the police were outside the curtilage when putting the tracking devices on the car.  In any event, neither the decisions cited by the government nor any other Ninth Circuit precedent condone the police, without a warrant, sneaking right up next to a house to try to find out what is going on inside the house.

III. **The Good Faith Exception Does Not Apply**

The Government's final effort to salvage the search is to claim that "good faith" still applies. Govt's Response at 8-9.   In making this argument, the government ignores *United States v. Vasey*, 834 F.2d 872 (9th Cir. 1987), which  holds that if a warrant affidavit contains evidence resulting from an illegal police search, the reviewing court  must excise all such information from the affidavit and only then analyze the redacted warrant to determine if it sets forth probable cause.  *Vasey*  further holds that the good faith doctrine does not apply if the affidavit includes evidence obtained by the police in violation of the Fourth Amendment.

The government's response does not deal with *Vasey*'s binding precedent.  Further, the government does not even attempt to perform the redactions commanded by *Vasey* or to demonstrate that a properly redacted affidavit states probable cause for the search of Ms. Nguyen's home. Instead, the government restricts itself to generalized observations about the affidavit's contents.

Reply on Motion to Reconsider

Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
 (206) 621-8777

4

Response at 7.  This retreat to generalities (most of which do not even apply to Ms. Nguyen's home) constitutes a tacit admission that the government cannot demonstrate probable cause for the search of the particular home in question.

## CONCLUSION

The bottom line is that Detective Brockus violated the Fourth Amendment. The evidence he obtained from his illegal actions underlies the probable cause for the affidavit as a whole and for Ms. Nguyen's home in particular.  *Florida v. Jardines* is important, not because it makes new Fourth Amendment law, but because it reaffirms long-established and core Fourth Amendment principles and because it addresses and condemns the same kind of activity that is at issue in this case.[1]

The Court should reconsider its decision and grant the motion to suppress the evidence taken from Ngheim Nguyen's home.

DATED this 17th day of April, 2013

Respectfully submitted,

/s/ Robert Gombiner, WSBA 16059
Attorney for Ngheim Nguyen

---

[1] Even if some of *Jardine*'s observations on which defendant relies can be characterized as dicta, they must still be treated with "due deference".  *United States v. Baird,* 85 F.3d 450, 453 (9th Cir. 1996).

Reply on Motion to Reconsider

Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
(206) 621-8777

CERTIFICATE OF SERVICE

I certify that on April 17, 2013 I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to counsel for the Government.

/s/ Robert Gombiner

Reply on Motion to Reconsider

Law Office of Robert Gombiner
119 First Avenue South, Suite 500
Seattle WA 98104
(206) 621-8777